

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JAVIER VILLAREAL, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:16-CV-2058-N |
| ) | |
| LORIE DAVIS, Director, TDCJ-CID, ) | |
|     Respondent. ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). He brings this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent Lorie Davis is Director of TDCJ-CID.

On August 4, 2005, Petitioner was convicted of murder and was sentenced to seventy-five years in prison. *State of Texas v. Javier Villareal*, No. F94-39716-LS (282nd Jud. Dist. Ct., Dallas, County, Tex., Aug. 4, 2005). On June 28, 2007, the Fifth District Court of Appeals affirmed. *Villareal v. State*, No. 05-05-01180-CR, 2007 WL 1844429 (Tex. App. – Dallas 2007). On February 6, 2008, the Court of Criminal Appeals denied a petition for discretionary review. PDR No. 1436-07.

On June 26, 2013, Petitioner filed a state habeas petition. *Ex parte Villareal*, No. 82,287-

01. On September 16, 2015, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On July 11, 2016, Petitioner filed the instant § 2254 petition. He argues:

(1) He received ineffective assistance during sentencing when his counsel failed to cross-examine the State's witness;

(2) The grand jury did not represent a fair cross-section of the community; and

(3) The jury panel did not represent a fair cross-section of the community.

On September 27, 2016, Respondent filed a preliminary response arguing that the petition is barred by limitations. On October 21, 2016, Petitioner filed a reply. The Court now finds the petition should be dismissed as time-barred.

II.

A.  **Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

On February 6, 2008, the Texas Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later, on May 6, 2008. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until May 6, 2009, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). On June 26, 2013, Petitioner filed his state habeas petition. This petition did not toll the limitations period because it was filed after the AEDPA limitations period expired.

Petitioner was required to file his § 2254 petition by May 6, 2009. He did not file his petition until July 11, 2016. His petition is therefore untimely.

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner argues he is entitled to equitable tolling because his state habeas counsel failed to promptly file his state habeas petition. He states that within a month of the denial of his petition for discretionary review, he contacted counsel for assistance in filing a state habeas petition. (*See* ECF No. 12.) He also submitted copies of letters from his counsel from December 2009 to August 2013, showing that counsel informed Petitioner he was working on the state petition. Counsel ultimately filed the state petition on June 26, 2013, which was timely for the state petition, but was after the federal limitations period expired. Petitioner, however, has not alleged that he informed counsel that he wanted to pursue both state and federal habeas petitions. Further, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Petitioner has also failed to show he diligently pursued his habeas remedies. After his state petition was denied, he

waited approximately ten months to file his federal petition. Finally, ignorance of the law, or a prisoner's pro se status does not support equitable tolling of the AEDPA limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Petitioner has not showed that he is entitled to equitable tolling.

III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 19 day of December, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).